UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL L. MOOG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-00893-TAB-SEB |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON SOCIAL SECURITY APPEAL**

**I.      Introduction.**

Plaintiff Michael L. Moog filed a claim for disability benefits, which was denied initially and on reconsideration. The Administrative Law Judge then held a hearing at which Moog, who was represented by counsel, testified. The ALJ denied Moog's claim in a March 23, 2011, written opinion. The Appeals Council denied Moog's request for review. Moog then appealed his claim to this Court. Based upon the record below and the parties' briefs, this Court denies Moog's appeal. [Docket No. 20.]

Moog was 39 years old on his alleged onset date. He graduated high school in special education for a learning disability. Moog has past relevant work as a machine operator. His alleged impairments are bipolar disorder, borderline intellectual functioning, and seizures. Moog struggled with anxiety and depression and was having a particularly difficult time in February 2011, when he was hospitalized in the psychiatric unit at Ball Memorial Hospital for nearly a

week.  This episode and related circumstances form the foundation of the three primary errors Moog asserts in this appeal.

First, Moog claims that the ALJ did not properly evaluate the opinion of Diana Brown, a social worker, who was Moog's treating therapist beginning in May 2010.  Brown completed a medical assessment of Moog on February 23, 2011, the date of his admission to Ball Memorial Hospital.  Second, Moog contends that the ALJ improperly concluded that he was not taking his prescription medicines.  Third, Moog argues that the ALJ improperly discounted his GAF ratings.

**II.     Discussion.**

The Court first addresses Moog's contention that the ALJ did not properly evaluate the opinion of social worker and treating therapist Brown.  Moog argues that the ALJ improperly evaluated Brown's opinion under SSR 06-03p.  [Docket No. 17 at 971.]  The Court disagrees.

The ALJ reasonably afforded minimal weight to Brown's February 23, 2011, opinion.  As a therapist, Brown was an "other source" whose opinion was generally entitled to significantly less weight than that of a physician.  Moreover, the ALJ reasonably found that Brown's opinion was inconsistent with the overall medical evidence and therefore gave it only minimal weight.  [Docket No. 14-2 at 54.]  This evidence includes the opinions of state agency doctors, though admittedly those opinions pre-date Brown's assessment.

Brown formulated her February 2011 opinion when Moog was having a particularly difficult time and had been hospitalized in the psychiatric unit at Ball Memorial Hospital for nearly a week.  Brown's February 23 opinion was dated the very same day that Moog was admitted to the hospital for inpatient treatment after expressing suicidal ideation.  Moog's problems at this time were obviously exacerbated by the fact that his wife had made him leave

their home and had filed for divorce. But Moog left the hospital with his wife and shortly thereafter reported that he was doing better. The Commissioner asserts that a fair reading of the ALJ's decision reflects that he found Moog's condition during this time as "situational," which seems fitting. [Docket No. 25 at 994.]

The ALJ also discounted Brown's opinion in part because it was not consistent with other records showing that with compliance with treatment, Moog's severe limitation would not be expected to continue. [Docket No. 14-2 at 53.] This leads to Moog's second contention: that the ALJ improperly concluded that Plaintiff was not taking his prescription medicines. Again, the Court disagrees.

The record contains evidence sufficient for the ALJ to conclude that Moog was not consistently taking his medications, and that when he did properly take his medications his symptoms were stable or improved. Dr. Kenneth Sowinski reported that Moog was not compliant with his medications. [Docket No. 14-2 at 52.] This included not just high blood pressure medications but also psychotropic medications. As the ALJ observed, "Dr. Sowinski's records suggest that when the claimant is compliant with taking his prescribed medications, symptoms from his bipolar disorder and hypertension are attenuated." [Docket No. 14-2 at 53.]

Dr. Sowinski's observations in this regard are consistent Moog's own wife's observations documented in other medical records. A September 24, 2010, progress note from a nurse practitioner at Meridian Services states in relevant part, "His wife reported that he does 'much better' when he is taking his medication and she definitely notices a difference." [Docket No. 14-13 at 800.] Thus, there is evidence in the record to support the ALJ's conclusion that Moog was not medication compliant.

Moog responds to this by asserting that "medical compliance is far from a guarantee that a patient can function in the workplace." [Docket No. 32 at 1010.] Moog goes on to cite statistics from medical sources about functionality of bipolar patients and their rates of reoccurrence. [*Id.*] But these medical sources are not found in the record. Moreover, the question before this Court is not whether medical compliance can "guarantee" a patient can function in the workplace. Rather, the question is whether the ALJ's decision is supported by substantial evidence. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). There is certainly evidence in the record that Moog was not compliant with his medications and that when he properly took his medications his symptoms were stable or improved. This provides substantial evidence for the ALJ's determination, including discounting therapist Brown's opinion.

This leaves for consideration Moog's third argument on appeal: that the ALJ improperly discounted his GAF ratings. Upon his hospitalization on February 23, 2011, Moog had a GAF rating of 20. Moog's GAF rating was 38 upon his discharge on February 28. On March 3, 2011, Moog's rating had increased to 45. Citing *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2001) (discussing an individual with GAF rating of 50), Moog argues that a GAF rating at this level does not reflect that Moog was functioning within normal limits, nor does it support a conclusion that Moog was mentally capable of sustaining work.

Moog's GAF ratings are a significant concern and cannot be lightly overlooked. The Commissioner attempts to distinguish *Campbell* by arguing that case does not stand for the proposition that a GAF score of 50 is disabling. Rather, the Commissioner points out that in *Campbell* the Seventh Circuit held that the ALJ erred in rejecting a treating source's opinion by selectively considering only one section of his six-page report and ignoring several other sections, including a reported GAF score of 50. [Docket No. 25 at 995.] The Commissioner also

cites to the unreported decision of *Wilkins v. Barnhart*, 69 F. App'x 775, 780 (7th Cir. 2003), in which the Seventh Circuit rejected an argument that the ALJ erred by not mentioning a claimant's GAF rating of 40. [Docket No. 25 at 995.]

Moog's GAF ratings must be viewed in the proper context. They were all during, or in close proximity to, Moog's February 2011 nearly week-long hospitalization in the psychiatric unit at Ball Memorial Hospital. This was obviously an exceedingly difficult period for Moog. But Moog's resulting GAF ratings are so close in time to each other and to Moog's hospitalization that they provide only a quick snapshot of Moog's overall condition. Even that snapshot shows his GAF scores were improving. In any event, the regulations do not require the ALJ to determine the extent of an individual's disability based solely on GAF scores. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

These scores must be considered in context with all of the medical evidence. Considering the other evidence in the record, the ALJ concluded that Moog's severe limitations would not be expected to continue. [Docket No. 14-2 at 53.] This conclusion is supported by substantial evidence. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

**III.    Conclusion.**

The ALJ's denial of Moog's claim for disability benefits is supported by substantial evidence. The decision of the Commissioner is affirmed, and Moog's appeal is denied. [Docket No. 20.] A separate judgment shall be entered consistent with this decision.

Dated:  9/30/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph W. Shull
jshull@joeshull.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov